ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
PATRICK R. FITZGERALD (Cal. Bar No. 135512)
Assistant United States Attorney
Chief, National Security Section
MELISSA MILLS (Cal. Bar No. 248529)
Assistant United States Attorney
National Security Section
JOANNA M. CURTIS (Cal. Bar No. 203151)
Assistant United States Attorney
Violent and Organized Crimes Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-4591/0627/0298
     Facsimile: (213) 894-3713
     E-mail:    Patrick.Fitgerald@usdoj.gov
                Melissa.Mills@usdoj.gov
                Joanna.Curtis@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 13-902-PSG |
|---|---|
| Plaintiff, | STIPULATION AND APPLICATION FOR A PROTECTIVE ORDER FOR DISCOVERY |
| v. | |
| PAUL ANTHONY CIANCIA, | |
| Defendant. | |

Please take notice that plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, and defendant Paul Ciancia ("defendant"), by and through his counsel of record, Chief Deputy Federal Public Defender Hilary Potashner and Deputy Federal Public Defender John L. Littrell, hereby stipulate and apply to the Court

1

for entry of a protective order pursuant to Rule 16(d)(1), Federal Rules of Criminal Procedure.  A Proposed Stipulated Protective Order for Discovery is lodged with this application should the Court approve the parties' Stipulation and Application.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

<u>Findings of Fact</u>

1.  On November 2, 2013, a Complaint was filed against defendant Paul Ciancia alleging that defendant violated Title 18, United States Code, Section 1114, murder and attempted murder of federal officers and Title 18, United States Code, Section 37, violence at an international airport.  On December 4, 2013, defendant made his initial appearance.

2.  On December 17, 2013, defendant was charged in an Indictment alleging that defendant violated Title 18, United States Code, Sections 1114(1) and 1111, murder of a federal officer; Title 18, United States Code, Sections 1114(3) and 1113, attempted murder of a federal officer and attempted murder; Title 18, United States Code, Section 37(a)(1), violence at an international airport, Title 18, United States Code, Section 924(j) and (c)(1)(A)(iii), use of a firearm during a crime of violence causing death, and Title 18, United States Code, Sections 924(c)(1)(A)(iii), use of a firearm during a crime of violence.

3.  Because the alleged crimes occurred at Los Angeles International Airport, there were numerous civilian witnesses who were interviewed and who provided their personal identifying information, including names, dates of birth, addresses, social security numbers, driver's license numbers, and telephone numbers, to law enforcement.  In order to comply with its discovery

1 obligations, the government will produce copies of the reports and
2 documents bearing the witnesses' names, statements, transcripts of
3 interviews, and contact information.  In addition, the government
4 will produce audio recordings of the witnesses' interviews, which
5 will contain the witnesses' personal identifying information and
6 contact information.  Finally, the government will produce copies of
7 reports and documents identifying and describing the victims'
8 injuries, including the autopsy report for Gerardo Hernandez.
9     4.   To serve the government's interest in protecting the
10 personal identification information and medical information of the
11 witnesses in this case, including the government's interest in
12 safeguarding against further dissemination, or use by any person,
13 including defendant, of the foregoing information, and also to serve
14 and protect defendant's rights to prepare an effective defense in
15 this case, the parties have stipulated to the entry of a protective
16 order for discovery in this case.
17 <u>Conclusions of Law</u>
18     5.   Rule 16(d)(1), Federal Rules of Criminal Procedure,
19 provides that "[a]t any time the court may, for good cause, deny,
20 restrict, or defer discovery or inspection, or grant other
21 appropriate relief."
22     6.   The record demonstrates good cause to permit the Court to
23 exercise its discretion to restrict discovery and inspection of the
24 personal identification information and medical information of the
25 witnesses and victims in this case, as further described below, and
26 to grant such relief as is necessary to ensure the confidentiality
27 of the foregoing information.
28

Requested Protective Order

Accordingly, the parties hereby stipulate and ask the Court to issue a protective order for discovery according to the following terms:

1. "CONFIDENTIAL INFORMATION" is defined as: (a) any information within the definition of a "means of identification" under 18 U.S.C. § 1028(d)(7), including account numbers, home addresses, personal phone numbers, Social Security numbers, driver's license numbers, identification card numbers, personal identification numbers (PINs), dates of birth, places of birth, and any personal medical information of any victim or witness.

2. All documents in any form (e.g., printed or digital) and all recordings that contain CONFIDENTIAL INFORMATION shall be covered by this Stipulated Protective Order ("Protective Order"). A document or recording containing any CONFIDENTIAL INFORMATION will hereinafter be referred to as a "CONFIDENTIAL DOCUMENT." Nonetheless, if all CONFIDENTIAL INFORMATION is removed and redacted from a document, it will no longer be a CONFIDENTIAL DOCUMENT.

3. Counsel for defendant shall at all times maintain all CONFIDENTIAL INFORMATION in a secure area and shall exercise reasonable care in ensuring the continued confidentiality of all CONFIDENTIAL INFORMATION.

4. Counsel for defendant are not authorized to disclose any CONFIDENTIAL INFORMATION or CONFIDENTIAL DOCUMENT to any other person or entity, except for those individuals listed in paragraph 5 below, unless counsel obtains prior express written permission from the government or the Court. Counsel for defendant are prohibited from providing defendant, or causing defendant to be provided, with

any CONFIDENTIAL DOCUMENT.  Counsel for defendant shall not let his or her client look at or review any CONFIDENTIAL DOCUMENT, except in his or her presence or in the presence of a person identified in paragraph 5.  Defendant shall not maintain, retain, or keep a copy of any CONFIDENTIAL DOCUMENT, or any part of any CONFIDENTIAL DOCUMENT.  Defendant shall not write, make, or retain, any notes that include any CONFIDENTIAL INFORMATION from any CONFIDENTIAL DOCUMENT.  Defendant shall at no time have access to any CONFIDENTIAL INFORMATION, except in the presence of his or her attorney or any other person identified in paragraph 5.

     5.   Counsel for defendant may permit a paralegal, investigator, or other staff person employed by him or her or by his or her office, or any expert hired or consulted on behalf of defendant by undersigned counsel, to view CONFIDENTIAL INFORMATION or a CONFIDENTIAL DOCUMENT, but all such individuals also are prohibited from disseminating or disclosing to any other person or entity, excluding defendant, any CONFIDENTIAL INFORMATION or any CONFIDENTIAL DOCUMENT unless counsel for defendant obtains prior express written permission from the government or the Court, upon notice to the government.  Nothing in this paragraph shall be read to preclude either counsel for defendant, or any paralegal or staff member employed by him or her or by his or her office, or any expert hired or consulted on behalf of defendant by undersigned counsel, from making copies of a CONFIDENTIAL DOCUMENT for the purpose of filing motions in this case, creating exhibits or trial preparation materials in this case, or for preparing for trial in this case.  Moreover, nothing in this paragraph shall restrict either counsel for defendant, or his or her investigator, from reviewing the

content of any CONFIDENTIAL DOCUMENT with a witness or potential witness with respect to the trial in this matter.  Before being shown any CONFIDENTIAL DOCUMENT, however, any witness or potential witness must be informed of, and agree to be bound by, the requirements of this Protective Order.  That is, any witness or potential witness shall not disclose to any other person or entity any CONFIDENTIAL INFORMATION or any CONFIDENTIAL DOCUMENT.  Further, any witness or potential witness, except for those persons identified in this paragraph, may not retain a CONFIDENTIAL DOCUMENT, or any part of any CONFIDENTIAL DOCUMENT, or any reproduction or copy thereof, after his or her review of such document with a counsel for defendant is complete.  Further, any witness or potential witness, except for those persons previously identified in this paragraph, may not write, make, or retain any notes that include any CONFIDENTIAL INFORMATION from any CONFIDENTIAL DOCUMENT.

     6.    Defense counsel and defendant shall use CONFIDENTIAL INFORMATION only for this case.  Upon the final disposition of this case, whether by guilty plea, conviction at trial, or otherwise, defense counsel may retain a copy of the discovery, including CONFIDENTIAL INFORMATION and CONFIDENTIAL DOCUMENTS, as set forth by the terms of this agreement.  Defense counsel shall not provide any CONFIDENTIAL INFORMATION or CONFIDENTIAL DOCUMENTS to successive counsel, including appellate or habeas counsel, unless successive counsel has entered into a Stipulation for Protective Order with the government or as otherwise ordered by the Court.

     7.    No party to this stipulation may file any CONFIDENTIAL DOCUMENT in any court filing without first redacting CONFIDENTIAL

INFORMATION, or without seeking an order to file an unredacted version of the CONFIDENTIAL DOCUMENT under seal.  All CONFIDENTIAL INFORMATION filed in connection with any court filing shall comply with Local Rule 79-5.

    8.   The government may elect to redact certain sensitive information that is not material to preparing a defense from documents produced to defendant's attorney.  For example, the government may redact the witnesses' dates of birth, social security numbers, driver's license numbers, and any other similarly sensitive personal identifying information.  Defense counsel does not, by this Stipulation, agree to any particular redaction, nor waive any claim of entitlement to information that has been redacted.

///

///

///

1       9.   This Stipulation and the Court's Order shall bind
2  defendant and his or her counsel of record, including any successor
3  counsel of record, whether retained by defendant or appointed by the
4  Court.

6  Dated: January 8, 2014         ANDRE BIROTTE, JR.
                                  United States Attorney

                                  ROBERT E. DUGDALE
8                                 Assistant United States Attorney
                                  Chief, Criminal Division

10                                /s/Joanna M. Curtis
                                  ─────────────────────────────────
                                  PATRICK R. FITZGERALD
11                                MELISSA MILLS
                                  JOANNA M. CURTIS
12                                Assistant United States Attorneys

13                                Attorneys for Plaintiff
                                  UNITED STATES OF AMERICA

16  Dated: January 8, 2014

17                                /s/John L. Littrell
                                  ─────────────────────────────────
                                  HILARY POTASHNER
18                                Chief Deputy Federal Public Defender
                                  JOHN L. LITTRELL
19                                Deputy Federal Public Defender

20                                Attorneys for Defendant
                                  PAUL CIANCIA