ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
PATRICK R. FITZGERALD (Cal. Bar No. 135512)
Assistant United States Attorney
Chief, National Security Section
MELISSA MILLS (Cal. Bar No. 248529)
Assistant United States Attorney
National Security Section
JOANNA CURTIS (Cal. Bar No. 203151)
Assistant United States Attorney
Violent and Organized Crime Section
     1300/1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone:  (213) 894-4591/0627/0298
     Facsimile:  (213) 894-6436
     E-mail:     Patrick.Fitzgerald@usdoj.gov
                 Melissa.mills@usdoj.gov
                 Joanna.Curtis@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>PAUL ANTHONY CIANCIA,<br><br>　　　　Defendant. | No. CR 13-902-PSG<br><br>STIPULATION REGARDING REQUEST FOR FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT<br><br>STATUS CONFERENCE DATE: 3/3/14<br>TIME: 10:00 a.m. |
|---|---|

　　　Plaintiff, United States of America, by and through its counsel of record, the United States Attorney's Office for the Central District of California, and defendant Paul Anthony Ciancia, both individually and by and through his counsel of record, Deputy Federal Public Defenders Hilary Potashner and John Littrell, hereby stipulate as follows:

1.   The Indictment in this case was filed on December 17, 2013. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on December 4, 2013. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before February 25, 2014.

2.   On December 26, 2013, the Court set a trial date of February 11, 2014.

3.   Defendant is detained pending trial.

4.   This Court held a status conference in this matter on January 27, 2014. At that conference, at the joint request of the parties, the Court vacated the trial date and set a status conference for March 3, 2014, at 10:00 a.m.

5.   The parties request that the trial date be vacated based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

    a.   Defendant is charged with violating the following federal statutes: 18 U.S.C. §§ 1114(1), 1111 (Murder of a Federal Officer, First Degree); 18 U.S.C. § 37(a)(1) (Violence at International Airports); 18 U.S.C. §§ 924(j)(1), 924(c)(1)(A)(iii) (Discharge of a Firearm During a Crime of Violence Causing Death); 18 U.S.C. § 924(c)(1)(a)(iii) (Discharge of a Firearm During a Crime of Violence). The government has produced discovery to the defense, including over 5,300 pages of documents, and approximately 125 discs containing more than 100 audio and video recordings and thousands of photographs.

    b.   Due to the nature of the prosecution, including the charges in the indictment, this case is so unusual and so complex

that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the Speedy Trial Act time limits. In particular, three of the charges in the indictment are capital offenses, and the government must determine whether seeking a sentence of death is justified in this case pursuant to 18 U.S.C. § 3593(a) and related provisions. As part of that process, the defense will review the discovery, conduct an independent investigation, consider mitigating factors, and provide input to the prosecution team.

    c.   In light of the foregoing, counsel for defendant also represent that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represent that failure to grant the continuance would deny them reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    d.   Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

    e.   The government joins in the request for the continuance.

    f.   The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the

1 part of the attorney for the Government to obtain available
2 witnesses.
3     6. For purposes of computing the date under the Speedy Trial
4 Act by which defendant's trial must commence, the parties agree that
5 the time period of January 27, 2014, to March 3, 2014, inclusive,
6 should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A),
7 (h)(7)(B)(i), (h)(7)(B)(ii), and (h)(7)(B)(iv) because the delay
8 results from a continuance granted by the Court at defendant's
9 request, without government objection, on the basis of the Court's
10 finding that: (i) the ends of justice served by the continuance
11 outweigh the best interest of the public and defendant in a speedy
12 trial; (ii) failure to grant the continuance would be likely to make
13 a continuation of the proceeding impossible, or result in a
14 miscarriage of justice; (iii) the case is so unusual and so complex,
15 due to the nature of the prosecution, that it is unreasonable to
16 expect preparation for pre-trial proceedings or for the trial itself
17 within the time limits established by the Speedy Trial Act; and
18 (iv) failure to grant the continuance would unreasonably deny
19 defendant continuity of counsel and would deny defense counsel the
20 reasonable time necessary for effective preparation, taking into
21 account the exercise of due diligence.
22 ///
23 ///
24 ///

7. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: January 28, 2014

ANDRÉ BIROTTE JR.
United States Attorney

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division


_____/s/_____
PATRICK FITZGERALD
MELISSA MILLS
JOANNA CURTIS
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

I am Paul Anthony Ciancia's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to waive his Speedy Trial rights until March 3, 2014, is an informed and voluntary one.

_____     2/4/2014
HILARY POTASHNER                    Date
JOHN LITTRELL
Deputy Federal Public Defenders

Attorneys for Defendant
PAUL ANTHONY CIANCIA

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to waive my Speedy Trial rights until March 3, 2014.

_____     2/4/2014
PAUL ANTHONY CIANCIA                Date
Defendant

6