EILEEN M. DECKER
United States Attorney
PATRICK R. FITZGERALD (Cal. Bar No. 135512)
First Assistant United States Attorney
MELISSA MILLS (Cal. Bar No. 248529)
Assistant United States Attorney
Terrorism and Export Crimes Section
JOANNA M. CURTIS (Cal. Bar No. 203151)
Assistant United States Attorney
Violent and Organized Crime Section
MICHAEL S. WARBEL (Ohio State Bar No. 0074369)
Trial Attorney, U.S. Department of Justice
     1200/1300/1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone:  (213) 894-4591/0627/0298
     Facsimile:  (213) 894-6436
     E-mail:     Patrick.Fitzgerald@usdoj.gov
                 Melissa.Mills@usdoj.gov
                 Joanna.Curtis@usdoj.gov
                 Michael.Warbel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>                   v.<br><br>PAUL ANTHONY CIANCIA,<br><br>              Defendant. | No. CR 13-902-PSG<br><br>AMENDED NOTICE OF INTENT TO SEEK THE DEATH PENALTY |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, pursuant to 18 U.S.C. § 3593(a)(1), hereby notifies the Court and defendant PAUL ANTHONY CIANCIA that, in the event of conviction, the government intends to seek a sentence of death as to the offenses charged in Count One, First Degree Murder of a Federal Officer, in violation of 18 U.S.C. §§ 1114(1), 1111; Count Four, Violence at an International Airport Causing Death, in violation of 18 U.S.C. § 37(a)(1); and Count Eight, Discharge of a Firearm During a Crime of Violence Causing Death, in violation of 18 U.S.C. §§ 924(j)(1), 924(c)(1)(A)(iii), of the Indictment, because the circumstances of these offenses are such that a sentence of death is justified under Chapter 228 of Title 18 of the United States Code.

Pursuant to 18 U.S.C. § 3593(a)(2), the government hereby provides notice that it proposes to prove the following factors as justifying a sentence of death as to Counts One, Four and Eight:

A.   Statutory Threshold Findings Enumerated Under 18 U.S.C. § 3591(a)(1) and (2)(A)–(D)

1.   Defendant's Age at Time of Offense

Defendant PAUL ANTHONY CIANCIA was 18 years of age or older at the time of the offense.  18 U.S.C. § 3591(a).

2.   Intentional Killing

Defendant PAUL ANTHONY CIANCIA intentionally killed the victim, Transportation Security Administration Officer Gerardo Hernandez.  18 U.S.C. § 3591(a)(2)(A).

3.   Intentional Infliction of Serious Bodily Injury

Defendant PAUL ANTHONY CIANCIA intentionally inflicted serious bodily injury that resulted in the death of the victim,

Transportation Security Administration Officer Gerardo Hernandez.  18 U.S.C. § 3591(a)(2)(B).

      4.   <u>Intentional Participation in an Act, Contemplating that the Life of Person Would be Taken</u>

Defendant PAUL ANTHONY CIANCIA intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim, Transportation Security Administration Officer Gerardo Hernandez, died as a direct result of the act.  18 U.S.C. § 3591(a)(2)(C).

      5.   <u>Intentional Engagement in Act of Violence, Knowing the Act Created a Grave Risk of Death to a Person</u>

Defendant PAUL ANTHONY CIANCIA intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life, and Transportation Security Administration Officer Gerardo Hernandez died as a direct result of the act.  18 U.S.C. § 3591(a)(2)(D).

    B.   <u>Statutory Aggravating Factors, Pursuant to 18 U.S.C. § 3592(c)</u>

      1.   <u>Death During Commission of Another Crime</u>

The death, and injury resulting in death, occurred during the commission, or attempted commission of, offenses under 18 U.S.C. § 37, Violence at an International Airport, as alleged in Counts Five, Six and Seven.  18 U.S.C. § 3592(c)(1).

2.   <u>Grave Risk of Death to Additional Persons</u>

Defendant PAUL ANTHONY CIANCIA, in the commission of the offense, knowingly created a grave risk of death to one or more persons in addition to Transportation Security Administration Officer Gerardo Hernandez.  18 U.S.C. § 3592(c)(5).

3.   <u>Substantial Planning and Premedition</u>

Defendant PAUL ANTHONY CIANCIA committed the offense after substantial planning and premedition to cause the death of a person.  18 U.S.C. § 3592(c)(9).

4.   <u>Multiple Killings or Attempted Killings</u>

Defendant PAUL ANTHONY CIANCIA intentionally killed or attempted to kill more than one person in a single criminal episode.  18 U.S.C. § 3592(c)(16).

C.   <u>Non-Statutory Factors, Pursuant to 18 U.S.C. § 3593(a)(2)</u>

1.   <u>Victim Impact</u>

As reflected by victim Transportation Security Administration Officer Gerardo Hernandez's personal characteristics as an individual human being and the impact of the victim's murder on his family, friends, and colleagues, defendant PAUL ANTHONY CIANCIA caused loss, injury, and harm to the victim and the victim's family, friends, and colleagues, including but not limited to the following:

*a.   Characteristics of the Victim*

Defendant PAUL ANTHONY CIANCIA caused the death of Transportation Security Administration Officer Gerardo Hernandez, a 39-year old husband, father, and employee with the Transportation Security Administration, who enjoyed a strong relationship with his family and co-workers.

4

     *b. Impact of the Offense on the Family of the Victim*

The family of victim Transportation Security Administration Officer Gerardo Hernandez has suffered severe and irreparable harm including, but not limited to, emotional distress, grief, loss of companionship, and loss of emotional and financial support.

     *c. Impact of the Offense on the Colleagues of the Victim*

The victim's colleagues within the Transportation Security Administration have suffered substantial and irreparable harm including, but not limited to, emotional distress, grief, loss of companionship, and loss of service.

   2. <u>Status of the Victim</u>

Victim Transportation Security Administration Officer Gerardo Hernandez was an employee of the United States and was killed during the performance of his official duties at Los Angeles International Airport because defendant PAUL ANTHONY CIANCIA targeted and intended to kill employees of the Transportation Security Administration.

///

///

///

5

3.   <u>Defendant Paul Anthony Ciancia Intended to Terrorize Federal Employees and Dissuade them from the Performance of their Duties</u>

Defendant PAUL ANTHONY CIANCIA acted with the intent that his crimes would instill fear in the minds of Transportation Security Administration employees and dissuade them from fulfillment of their duties, which include securing the nation's airports and screening passengers and baggage.

Dated: September 21, 2015          Respectfully submitted,

                                   EILEEN M. DECKER
                                   United States Attorney

                                   PATRICK R. FITZGERALD
                                   First Assistant United States
                                   Attorney

                                   /s/Patrick R. Fitzgerald
                                   MELISSA MILLS
                                   JOANNA M. CURTIS
                                   Assistant United States Attorneys

                                   MICHAEL S. WARBEL
                                   Trial Attorney, U.S. Department of
                                   Justice

                                   Attorneys for Plaintiff
                                   UNITED STATES OF AMERICA